Richard L. DeHART and Phoebe D. DeHart, his wife, d/b/a DeHart Oil Company, Appellants,

v.

RICHFIELD OIL CORPORATION, a corporation, Appellee.

No. 21597.

United States Court of Appeals
Ninth Circuit.

May 21, 1968.

Kenneth R. Long (argued) of Howe, Davis, Riese & Jones, Seattle, Wash., for appellants.

Richard C. Warmer (argued), Everett B. Clary of O'Melveny & Myers, Los Angeles, Cal., Frank T. Rosenquist of Graham, Dunn, Johnston & Rosenquist, Seattle, Wash., for appellee.

Before MERRILL and CARTER, Circuit Judges, and BYRNE, District Judge.*

BYRNE, District Judge:

This appeal is one more step in a running battle between these parties. The problems are all traceable to various business arrangements apparently commenced in 1956 whereby appellee's petro-leum products were to be distributed through appellants' filling stations. In 1960 the appellants commenced a lawsuit in the Federal Courts alleging certain antitrust violations by the appellee and others. That lawsuit was settled by the then attorney for the appellants and agreements were drawn up. The appellants, however, refused to sign the agreements on the ground that their attorney had exceeded his authority. The appellee then cross-complained for enforcement of the agreement. The Court found that the attorney had the necessary settlement authority and ordered the appellants to sign the various documents which were part of the memorandum agreement. Included among these documents was a broadly worded general release. The appellants signed the documents. No appeal was taken from the judgment in that earlier case.

In 1965 appellants brought the present suit against the appellee for breach of contract. There seems to be no disagreement that this cause of action arose from the same dealings as were covered in the antitrust suit. The case was instituted in a state court and was removed to the District Court upon petition by the defendant.

The answer in this case set up the prior release as a defense. Both sides attempted discovery and ultimately the appellee moved for summary judgment. The motion was granted by the District Court and this appeal resulted.

Basically the appeal in this case turns on whether the appellants have any means of successfully attacking the release which they signed pursuant to the prior settlement agreement. The main thrust of their argument seems to be that the attorney in the prior suit could only have settled that suit and cause of action. Arguments are also raised concerning intent and consideration. Additionally, the appellants say that certain erroneous limitations upon their discov-

---

* Hon. William M. Byrne, United States Senior District Judge, Los Angeles, California, sitting by designation.

ery made it impossible for them to properly oppose the motion for summary judgment.

The basis for the summary judgment is the release signed by the appellants pursuant to the settlement of their prior suit against the appellee. As noted above, that settlement and release were only signed after the appellee had successfully pursued a cross-complaint for enforcement. The issue on that cross-complaint was whether or not the attorney for appellants had authority to settle the case in the manner and on the terms set out. The Court found that the attorney had the necessary authority.

 The appellants cite general case law for the proposition that where a summary judgment is involved, they are entitled to have almost everything interpreted in their favor. Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). They also note that prior litigation between the same parties is not sufficient reason, by itself, to invoke the doctrines of res judicata or collateral estoppel. Arnstein v. Porter, 154 F.2d 464 (2nd Cir. 1946). Finally, they urge that any binding effect a prior judgment may have only goes to the issue actually determined by the prior judgment. Baxter v. Lancer Industries, Inc., 213 F.Supp. 92 (1963). All the cases cited support the point urged and in fact none of these points has been contested by the appellee. This general law does not, however, answer the question involved here of what, in fact, was determined by the prior judgment.

The Court in its findings of fact in the earlier lawsuit found that:

"3. Plaintiffs and each of them, instructed and authorized Dwyer to compromise the claims set forth in the complaint herein on the terms contained in the Memorandum of Settlement Agreement."

Part of the terms of the settlement agreement was the signing of the general release executed by the appellants pursuant to court order.

The appellants now urge that there are three factual issues concerning the release which should preclude summary judgment. They argue that the attorney did not have authority to settle the breach of contract claim; that there was inadequate consideration for a release including that claim. Additionally, in their reply brief they add a legal argument that even if the release is valid, it does not cover the breach of contract claim by its terms. Appellee urges that these points are without merit and that in any event they should not be considered here since they were not raised below. Ring Engineering Co. v. Otis Elevator Co., 86 U.S.App.D.C. 411, 179 F.2d 812 (1950). The point may be well taken as to the afterthought concerning the interpretation of the release. The other issues seem to have been raised in the opposition to the motion for summary judgment under the general heading of no binding effect of the prior judgment.

The argument as to authority is the major one made by the appellants. It is based on the words, "to compromise the claims set forth in the complaint herein * * *", which are included in finding of fact No. 3 quoted above. From this language they reach the conclusion that the first suit only determined that the attorney had authority to settle the antitrust claims which they were making against Richfield. Having reached this conclusion, they are then able to cite the authority that only issues actually decided can be used for collateral estoppel.

 The argument is valid as far as it goes. The attorney was employed for that lawsuit and authorized to settle it. The trouble, however, with the appellants' position is that finding of fact No. 3 goes on to say "on the terms contained in the Memorandum of Settlement Agreement". In settling the prior suit the attorney for the appellants agreed to the terms of a general release which barred all other claims. The District Court specifically found that the appellants instructed and authorized their attorney to enter into the agreement and ratified it

thereafter. What the appellants seem to be saying is that they may authorize the settlement in general without authorizing its specific terms. They cite no authority for this proposition and we have found none. The closest they can come is a case where an injured railroad employee was allowed to recover for personal injuries even though he had signed a general release which his attorney advised him covered only his claim for wages and tips. Ricketts v. Pennsylvania R. Co., 153 F.2d 757, 164 A.L.R. 387 (2nd Cir. 1946). There are several problems in relying on this case. First there was no prior judicial determination of the attorney's authority. Therefore, this case saying it was limited would have been better used on an appeal from the first judgment. Secondly, the case was an F.E.L.A. matter where there is a special interest in protecting injured workmen. Finally, there was a clear question of misrepresentation by the attorney to the workmen. Here, if there ever was such a question, it was resolved against the appellants in the earlier judgment.

■ The other two factual issues asserted by the appellants will be considered together. The appellants first assert that they never intended to compromise the breach of contract claim. They further assert that the small consideration in the transaction will show what their intent actually was. For several reasons there does not seem to be much to support these arguments. First, they offer no legal support for a theory that their unilateral intention should have any effect. Secondly, they still do not deal with the findings in the prior case which refer to the "terms of the agrement". Third, they suggest no facts to show that their intention was any different. The affidavits filed in the District Court by the De Harts are merely conclusions about how they have been put upon by the appellee and by various attorneys whom they have employed. Finally, they show no reason

why testimony should be allowed on this issue. The general release is very clear and the parol evidence rule would seem to come into effect. Combined Bronx Amusements, Inc. v. Warner Bros. Pictures, Inc., 132 F.Supp. 921 (S.D.N.Y. 1955); Beaver v. Estate of Harris, 67 Wash.2d 621, 409 P.2d 143 (1965).

The final point raised by the appellants is that the release by its terms does not cover anything more than the antitrust claim. This is raised for the first time in their reply brief. The argument is specious. By selecting certain phrases from the release, appellants seek to avoid the obvious meaning. The argument is that the release only bars certain claims which are "hereinabove specified" and that the *prior sentence* of the release only refers to the antitrust claim. That is true, but in several sentences prior to the language selected by appellants, all manner of possible claims are enumerated. It seems clear from reading the document that "hereinabove specified" referred to everything listed above and not simply the prior sentence.

■ The appellants attempted to discover a variety of information by means of interrogatories and a motion to produce. The appellee objected to most of this discovery. The objections were sustained largely on the grounds that the interrogatories were either irrelevant or requested conclusions of law and that no good cause was shown for the motion to produce.

On this appeal the appellants say that the judge was incorrect in his rulings and that because of this they were unable to present adequate opposition to the motion for summary judgment. Their chief objection was to the decisions of the judge refusing to allow them to go back over the question of settlement authority. The District Judge obviously felt the question was settled and hence the successful summary judgment. We agree.

Affirmed.