James Arthur JACKSON, Plaintiff-Appellant,

v.

The OFFICIAL REPRESENTATIVES AND EMPLOYEES OF the LOS ANGELES POLICE DEPARTMENT IN AND FOR the COUNTY OF LOS ANGELES et al., Defendants-Appellees.

No. 72-1229.

United States Court of Appeals, Ninth Circuit.

Nov. 16, 1973.

James Arthur Jackson, in pro. per.

Roger Arnebergh, City Atty., George J. Franscell, Asst. City Atty., Burk M. Wiedner, Deputy City Atty., Los Angeles, Cal., for defendants-appellees.

Before ALDRICH,* HUFSTEDLER and CHOY, Circuit Judges.

PER CURIAM:

This appeal concerns a civil rights action for damages under 42 U.S.C. § 1983 (1970),[1] in which appellant's complaint was dismissed by way of summary judgment.

Jackson, a state prisoner, bases his action on certain events surrounding his arrest and conviction for armed bank robbery. He contends it was error to dismiss each and every one of the numerous counts of his complaint. Most of these claims are without merit, but we deem three matters sufficiently weighty to justify discussion.

█ Appellant argues that his 1962 arrest and a subsequent search of his car were illegal. The district court disposed of this contention on grounds of collateral estoppel, reasoning that these issues had been determined at his criminal trial and, again, in a later, unsuccessful federal habeas corpus proceeding. However, the records of those prior judicial proceedings reveal that the arrest and automobile search were never considered on their merits. Since collateral estoppel—in contrast to the aspect of res judicata known as bar—requires actual litigation of an issue,[2] appellant was not precluded from raising them in his civil rights action.

Nonetheless, summary dismissal of the arrest and automobile claims was still proper. The affidavits of the arresting officers, uncontroverted in this respect, show that a tip was received connecting appellant with the bank robbery; photographs of him were then identified by witnesses to the crime. The photographic identification surely furnished probable cause for the arrest. Moreover, just after the car was stopped by the police, certain articles were seen protruding from beneath the front seat. Since the articles were in "plain view," their seizure was justified. See Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

█ Later the police officers were led by Wilma Neal, Jackson's common law wife, to appellant's parents' home. A locked metal box was found buried in the basement. When opened with Neal's consent, it was found to contain a large amount of money. Jackson claims the district court erred in summarily dismissing the count alleging that the search of the house and the opening of the box were illegal. Appellant, however, has no standing to complain of the search of his parents' home. See, e. g., Northern v. United States, 455 F.2d 427, 430 (9th Cir. 1972). He was not living in the house, and he had no interest giving rise to "a reasonable expectation of freedom from governmental intrusion." Mancusi v. DeForte, 392 U.S. 364, 368, 88 S.Ct. 2120, 2124, 20 L.Ed.2d 1154 (1968). While he may have standing to challenge the search of the metal box, the uncontested evidence before the district court indicated that Neal was a co-owner of the box. A co-owner has the authority to permit a search of a jointly held possession. Frazier v. Cupp, 394 U.S. 731, 740, 89 S.Ct. 1420, 22 L.Ed. 684 (1969).

█ Following appellant's arrest, the officers went with him to a house occupied by him and Neal. They knocked at the door—which was answered by Neal

---

* The Honorable Bailey Aldrich, Senior United States Circuit Judge for the First Circuit, sitting by designation.

1. Jurisdiction was premised on 28 U.S.C. § 1343(3) (1970).

2. See, e.g., Emich Motors v. General Motors Corp., 340 U.S. 558, 568–569, 71 S.Ct. 408, 95 L.Ed. 534 (1951); Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 681 (1876); De-Hart v. Richfield Oil Corp., 395 F.2d 345, 347 (9th Cir. 1968).

—entered, and searched the home. Contraband was discovered, but it was not related to the robbery and was not introduced at that trial.[3] The police officers, in their affidavits, state that both Jackson and Neal gave then permission to search the house. Jackson's affidavit, drawing all inferences from it favorably to appellant, *see, e. g.*, United States ex rel. Austin v. Western Electric Co., 337 F.2d 568, 572 (9th Cir. 1964), denies that he or his wife consented to the search. Because material facts remain in issue, summary judgment was inapposite. *See* F.R.Civ.P. 56(c); Griffeth v. Utah Power & Light Co., 226 F.2d 661, 669 (9th Cir. 1955). Therefore, while we affirm the trial court's disposition of the case in all other respects, we must reverse and remand for proceedings limited to the legality of the search of appellant's home.

Reversed and remanded for further proceedings consistent with this opinion.

---

3. The legality of this search, as such, was not litigated—nor could it have been—in either the criminal or habeas proceedings because the contraband was unrelated to the robbery. Consequently, there could be no collateral estoppel. *See* note 2 *supra*.