[Crim. No. 4231. Fifth Dist. Apr. 15, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
EULALIO GARCIA OLGUIN, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Julia Cline Newcomb, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, Joel Carey and Ray L. Brosterhous, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BROWN (G. A.), P. J.**—Appellant was charged with assault upon a police officer in two counts—one against Officer Tony Zavala and the other against Officer Glen Lowrey. The information was in the language of Penal Code sections 242/243.[1] The jury found appellant guilty of the lesser included offenses of resisting, delaying or obstructing a police officer in the performance of his duties, in violation of section 148.[2]

FACTS

On the evening of September 9, 1978, Maria Alonzo, owner of the El Dorado Club, called the Patterson city police. She testified that appellant, his brother Paulino, his father Bruno, and his uncle Bartolo were customers in her bar in Patterson. According to Alonzo, appellant and his family members had begun to harass bar patrons and engage in disruptive behavior, prompting the witness to call the police. Alonzo testified that appellant and his family members had been consuming beer on the evening in question, and at one point testified that appellant had been drinking "continuously."

Officer Tony Zavala responded to Alonzo's phone call, and entered the bar accompanied by Officer Glen Lowrey. According to Officer Zavala, as he entered the bar appellant approached and inquired about the reason for the officer's presence there. Zavala stated that a hostile conversation was then initiated by appellant and his brothers regarding the presence of the officers in the bar and the fact that they carried billy clubs. Finally, Zavala requested that the two brothers, appellant and Paulino, leave the bar as the tavern owner had requested.

Pursuant to the officer's request, appellant and his family members left the bar, followed by Officers Zavala and Lowrey. Outside the bar,

---

[1]All references are to the Penal Code unless otherwise indicated.

[2]The parties concede that the offense defined in section 148 is a lesser included offense of Penal Code sections 242/243. (See *People v. Perkins* (1970) 9 Cal.App.3d 1048, 1051 [88 Cal.Rptr. 720].)

another ugly scene ensued. According to Zavala, backup Officers Bull and Silveira arrived at the scene at about the same time the Olguin family was leaving the bar. At that point, appellant took off his coat and threw it down, began shouting obscenities at Officer Zavala and threatened to fight him and to shoot him. Appellant struck a fighting pose and apparently waved his hand in a threatening way less than a foot from the officer's face. Zavala questioned appellant whether he was threatening him, to which appellant responded "yes." According to Zavala, at that point appellant was arrested for disturbing .the peace and for threatening a police officer.

With the help of Officer Lowrey, Zavala handcuffed appellant, patted him down and placed him in the rear seat of his police car. Appellant was struggling much of the time. At that point in time Officers Bull and Silveira returned to their regular patrol assignments, and appellant was taken to the Patterson City Police Department in the patrol car occupied by Zavala and Lowrey.

After arriving at the rear parking lot of the Patterson Police Department, Officer Lowrey opened the rear passenger door and attempted to induce appellant to step out of the car. According to Zavala, appellant said something like "You want me, come and get me." When Officer Lowrey reached in to grasp appellant's arm, he responded by kicking; and when Officer Zavala came around the car to assist, appellant somehow rose to his feet, sprang out of the car and butted Zavala with his head and shoulders, knocking Zavala to the ground. Appellant and the two officers struggled on the ground for a short period of time, with appellant struggling and kicking until he was incapacitated with Mace.

As a result of the tussle in the Patterson police parking lot, all three men were injured. Sergeant Zavala received medical treatment for a back injury; Officer Lowrey was bruised on his hands, wrists and arms; and appellant apparently received a chip fracture to his elbow bone and various scratches and contusions.

The testimony of Officer Lowrey was substantially identical to that of Officer Zavala. The testimony of Officer Bull also corroborated that of Officer Zavala up to that point in time when appellant was placed in Zavala's patrol car and Officers Bull and Silveira left the scene. All of the officers were in agreement that only the patrol car containing Officers Zavala, Lowrey and appellant proceeded to the Patterson City Police Department after the incident in front of the bar.

The defense case rested upon the testimony of appellant and was corroborated in nearly every detail by his relatives up to the time appellant was taken to the police station by Lowrey and Zavala.

Appellant testified that on the night of the arrest he had consumed only a portion of one can of beer while in the bar. Before the arrival of Officers Zavala and Lowrey there had been no disturbance in the bar and, according to appellant, the bar owner, Maria Alonzo, had not refused them service or spoken to them about disruptions. Appellant stated that when Officer Zavala arrived at the bar he approached appellant and tapped him on the shoulder. In response to appellant's query about what was wrong, the officer responded "there's no problem. Just making a bar check."

Appellant and his family decided to leave the bar, and, according to appellant, Officer Zavala followed them out of the bar stating, "I want to make sure you guys get home." According to appellant a conversation ensued between him and Zavala, in which appellant stated, "One of these days you're going to get sued." Officer Zavala responded by arresting him for threatening a police officer. Appellant testified that at no time did he shout, swear, become angered, or say anything provocative or threatening to Officer Zavala. In short, there was no disturbance in the bar or in front of the bar on the evening in question.

Appellant testified that following his arrest he was taken by Officers Zavala and Lowrey to a dark spot behind the Patterson Police Department. Appellant said that when they arrived at the police station Officer Zavala stated: "Now we're going to see how tough you are." Zavala opened the door and ordered appellant out; appellant replied, "What for? What are you going to do?" Officer Bull, who was present behind the police station, was infuriated and called appellant "You little sucker." Appellant, fearing for his life, refused to leave the car. Then, assisted by Officers Bull and Silveira, Officers Zavala and Lowrey roughed up, kicked, and beat appellant after dragging him bodily from the back seat of the patrol car. All four officers participated. Appellant also stated that at the conclusion of the beating, Officer Zavala sprayed him six times in the face with Mace.

Appellant also presented testimony at trial which tended to show that he and Officer Zavala were old high school rivals. Appellant stated that Officer Zavala, upon learning that appellant was enrolled in law school, had stopped him and threatened him on previous occasions. Appellant

also called as witnesses two of his friends, Martin De Leon and Louis Gonzales, who testified that Officer Zavala carried a grudge against appellant. They testified to having been present on at least one occasion when allegedly Officer Zavala stopped the car in which appellant and the witnesses were riding and made threats to appellant.

## DISCUSSION

Appellant contends that the court prejudicially erred in failing to properly instruct the jury upon two defenses available to a charge of violating section 148 (resisting, delaying or obstructing a police officer in the performance of his duty), a lesser included offense of sections 242/243. The application of either principle could have resulted in acquittal upon both counts of this lesser included offense.

The first argument is that excessive force by a police officer renders unlawful an otherwise lawful arrest in that excessive force is not within the performance of the officer's duty. Since the officer must be acting in the performance of his duty, the use of excessive force renders it impossible for an arrestee to violate section 148. Appellant also adds that either taunting or beating an arrestee is not within an officer's duties. (See *People v. White* (1980) 101 Cal.App.3d 161, 167 [161 Cal.Rptr. 541].) Appellant then points out that nowhere in the instructions is the concept of the lawfulness of an arrest related to the use of excessive force or other improper officer conduct. All of the instructions on the lawfulness of the officers' conduct are related to probable cause for making the arrest and the proper procedures used in making the arrest.

The second contention relates to the failure of the trial court to instruct that if the officers used excessive force and appellant used only reasonable force in resisting the excessive force he was entitled to an acquittal of violating section 148.

Both arguments have merit.

█ As to the first point, *People v. White, supra,* 101 Cal.App.3d 161, is in point. The court there explained: "Section 245, subdivision (b) makes it unlawful to assault an officer by means of force likely to produce great bodily injury. Section 148 makes it unlawful to resist an officer. An essential element of both offenses is the officer at the time of the arrest must be engaged in the performance of his duties. If a defendant is charged with violating section 245, subdivision (b), and the

arrest is factually determined to be unlawful, a defendant can be convicted only of a lesser included offense, i.e., section 245, subdivision (a) (assault by means of force likely to produce great bodily injury on a person other than a police officer or a police officer not in the performance of his duties). Likewise, if a defendant is charged with violating section 148 and the arrest is found to be unlawful, a defendant cannot be convicted of that section. (See generally *People* v. *Curtis* (1969) 70 Cal.2d 347, 354-356, 357, fn. 9 [74 Cal.Rptr. 713, 450 P.2d 33]; *People* v. *Moreno* (1973) 32 Cal.App.3d Supp. 1, 10-11 [108 Cal.Rptr. 338]; *People* v. *Cuevas* (1971) 16 Cal.App.3d 245, 251-253 [93 Cal.Rptr. 916]; *People* v. *Muniz* (1970) 4 Cal.App.3d 562, 567, 570 [84 Cal. Rptr. 501]; *People* v. *Soto* (1969) 276 Cal.App.2d 81, 85 [80 Cal.Rptr. 627].)

"The word 'unlawful' in defining arrest is typically applied where a defendant claims his arrest was lacking in probable cause. Accordingly, CALJIC Instruction No. 9.53 defining lawful arrest is routinely given. There is no legal requirement, however, restricting unlawful arrest in the context of sections 245, subdivision (b), 243 and 148 to only those arrests which are accomplished without probable cause for an arrest made with excessive force is equally unlawful. '[I]t is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest (*Boyes* v. *Evans*, 14 Cal.App.2d 472 [58 P.2d 922]).' (*People* v. *Soto, supra*, 276 Cal.App.2d at p. 85.) 'That portion of section 243 of the Penal Code which raises battery, a misdemeanor, to felony status where the victim is a peace officer engaged in the performance of his duties, does not come into play where the officer makes an illegal arrest, simply because "[a]n officer is under no duty to make an unlawful arrest." [Citation.] *It goes without saying, of course, that neither is it the duty of officers to taunt or beat persons arrested.' (Italics added; People* v. *Muniz, supra*, 4 Cal.App.3d 562, 567.) Thus, in the present case it becomes essential for the jury to be told that if they found the arrest was made with excessive force, the arrest was unlawful and they should find the defendant not guilty of those charges which required the officer to be lawfully engaged in the performance of his duties (§§ 245, subd. (b), 243 and 148)." (*Id.*, at pp. 166-167.)

In the case at bench the instructions given to the jury related lawful arrest as one in which the officer has reasonable cause to arrest (CALJIC No. 9.53) and one in which the officer notifies the arrestee of his intention, cause and authority to make the arrest (CALJIC No. 9.54). An unlawful arrest was not defined. The jury was not instructed

that an officer is acting unlawfully and not in the discharge of his duties when he uses excessive or unreasonable force. Nor was the jury instructed that appellant could not be convicted of violating Penal Code section 148 if the officer used excessive or unreasonable force, thus placing the officer outside the performance of his duties.

Appellant requested a defense instruction that would have instructed in accordance with a defense theory that "[a] police officer has no duty or right to taunt or beat persons arrested." The request was refused.

■ Even in the absence of a request, the court is under an affirmative duty to give an instruction on defendant's theory of defense where "'... it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense. ...'" (*People* v. *Stewart* (1976) 16 Cal.3d 133, 140 [127 Cal.Rptr. 117, 544 P.2d 1317], quoting from *People* v. *Sedeno* (1974) 10 Cal.3d 703, 716 [112 Cal.Rptr. 1, 518 P.2d 913].) Moreover, in *People* v. *White, supra*, 101 Cal.App.3d 161, the court implied that the trial court had a *sua sponte* duty to instruct on these principles pursuant to its obligation to instruct as to the general principles of law even where no such instruction is requested. (*People* v. *Morse* (1964) 60 Cal.2d 631 [36 Cal.Rptr. 201, 388 P.2d 33 12 A.L.R. 3d 810]; *People* v. *Wilson* (1967) 66 Cal.2d 749 [59 Cal.Rptr. 156, 427 P.2d 820].) The *White* court stated: "Thus, in the present case it becomes essential for the jury to be told that if they found the arrest was made with excessive force, the arrest was unlawful and they should find the defendant not guilty of those charges which required the officer to be lawfully engaged in the performance of his duties (§§ 245, subd. (b), 243 and 148)." (*People* v. *White, supra*, 101 Cal.App.3d at p. 167.)

■ The evidence in this case would have supported a finding that the officers used excessive force and thus that they were not acting within the scope of their duties. The jury should have been so instructed. The error was prejudicial in that we cannot say that it was shown that the "factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions." (*People* v. *Sedeno, supra*, 10 Cal.3d at p. 721.)

Turning to the second claimed error, it has long been established that a police officer is not permitted to use unreasonable or excessive force in making an otherwise lawful arrest, and if the officer does use such force the arrestee may use reasonable force to protect himself in accor-

dance with the principles of self-defense. ■ Accordingly, in a prosecution for battery upon a police officer in violation of sections 242/243 where the facts place in issue whether the officer used excessive or unreasonable force, the court has a *sua sponte* duty to instruct that the arrestee is entitled to an acquittal upon all charges, including lesser included offenses, if the jury finds the arrestee only used reasonable force in protecting himself. (*People* v. *Curtis* (1969) 70 Cal.2d 347 [74 Cal.Rptr. 713, 450 P.2d 33]; *People* v. *White*, supra, 101 Cal. App.3d at p. 168; *People* v. *Cuevas* (1971) 16 Cal.App.3d 245, 251 [93 Cal.Rptr. 916]; *People* v. *Soto* (1969) 276 Cal.App.2d 81, 85 [80 Cal.Rptr. 627].)

The specific instruction given by the court of which complaint is made states: "A peace officer is not permitted to use unreasonable or excessive force in making an otherwise lawful arrest or detention.

"If an officer does use unreasonable or excessive force in making an arrest, the person being arrested may lawfully use reasonable force to protect himself.

"Thus, if you find that the officer used unreasonable or excessive force in making or attempting to make the arrest in question, and that the defendant used only reasonable force to protect himself, the defendant is not guilty of either the offense charged in Count I or Count II."

As will be noted, the instruction failed to include that appellant would also be entitled to acquittal of the lesser included offense of resisting, delaying or obstructing a peace officer. (§ 148.)

A reading of the instructions and the manner in which they were given has caused us to conclude that the jurors were led to believe that the defense of use of reasonable force to resist excessive force applied only to the charged battery counts.

Significantly, less than two hours after the jury retired to deliberate, a note was sent by the jury foreman to the judge making inquiry about the difference between sections 242/243 and 148. In response to that inquiry, the trial judge explained once again the content of the offenses and repeated some of the instructions regarding the use and abuse of force. The judge did not, however, explain that appellant would be enti-

tled to an acquittal if the jury found the officers used excessive force and he used reasonable force in defending himself.

The error in omitting section 148 from the above instruction was aggravated by the fact that an instruction on lesser included offenses[3] followed on the heels of the above instruction. As will be noted, the instruction on lesser included offenses created the impression by implication that whatever defenses appellant may have had to the section 242/243 charges, those defenses were not applicable to the lesser included offense. (§ 148.)

Further, the judge's final instruction to the jury as to the possible verdicts that could be returned was misleading in that it did not include a not guilty verdict pertaining to the lesser included offense. The judge said: "Now, the four possible verdicts as to each count are: Guilty of the offense of battery on a peace officer as charged; not guilty of the offense of battery on a peace officer; guilty of the lesser offense of battery, a misdemeanor; guilty of the lesser offense of resisting, delaying, and obstructing a peace officer, a misdemeanor." (See *People* v. *Schindler* (1972) 23 Cal.App.3d 369, 378 [100 Cal.Rptr. 110].)

Respondent quotes from two other instructions given by the court which he argues accorded this defense to the appellant. These instructions in pertinent part are: A part of CALJIC No. 9.55 stating: "If a person has knowledge ... that he is being arrested by a peace officer, it is the duty of such person to refrain from using force to resist such arrest, whether the arrest is either lawful or unlawful unless unreasonable or excessive force is being used to make the arrest." The other instruction is the second paragraph of CALJIC No. 5.65: "If you find that the peace officer used excessive force in making the arrest or detention it is not the duty of the person arrested to refrain from using reasonable force to defend himself against the use of such excessive force."

---

[3]The court instructed: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged, he may, however, be found guilty of any lesser offense, the commission of which is necessarily included in the offense charged, if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt.

"The offense of battery on a peace officer with which the defendant is charged (in counts 1 and 2) necessarily includes the lesser offense(s) of simple battery, a violation of section 242 of the Calif. Penal Code, a misdemeanor and resisting, delaying and obstructing a public officer, a violation of sec. 148 of the [California Penal Code], a misdemeanor."

As has been explained, however, these general statements, not made specifically applicable to the offense of violating section 148, do not cure the skewed instructions which appear to make the defense unavailable to a charge of resisting, delaying or obstructing a police officer.

The foregoing errors require a reversal. In light of this disposition, we need not reach or decide the other claimed errors urged by appellant.

Appellant having been acquitted upon the greater offense (§§ 242/243), retrial upon that charge will be barred. (§ 1023; *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 606-607 [119 Cal.Rptr. 302, 531 P.2d 1086].)

The judgment is reversed.

Hanson (P. D.), J., and Andreen, J., concurred.