168 F.3d 501
 SOLID STATE DEVICES, INC., a Corporation, Plaintiff-Appellant,
v.
THE DEFENSE LOGISTICS AGENCY; Defense Supply Center
Columbus, an agency of the United States; L. Darrell Hill,
Chief, Sourcing and Qualifications Division, Supply Center,
Columbus (in his official capacity), Defendants-Appellees.
 No. 97-55773.
D.C. No. CV-96-06511-GHK.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1999.
Decided Feb. 18, 1999.
 
 Appeal from the United States District Court for the Central District of California George H. King, District Judge, Presiding.
 Before D.W. NELSON, KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM *
 
 
 2
 Solid State Devices, Inc. ("Solid State") appeals the district court's grant of summary judgment in favor of the Defense Logistics Agency, Defense Supply Center Columbus ("DSCC"), and Darrell Hill (collectively "the agency"). The district court found that the agency's decision to remove Solid State's products from the Qualified Products List ("QPL") for use by the military was not arbitrary and capricious under the Administrative Procedure Act, 5 U .S.C. §§ 701-706. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM the district court's grant of summary judgment.
 
 
 3
 The facts are well known to the parties and will not be repeated here.
 
 1. Authority
 
 4
 The agency has absolute discretion to remove a product from the QPL when it believes the product does not conform to its standards. 48 C.F.R. § 9.207. This includes the authority to remove a manufacturer's entire line of products when a manufacturer demonstrates an inability to conform to agency requirements. Because Solid State violated the applicable standards when it failed to notify the agency once it began using "die" supplied by a third-party manufacturer, the agency was within its authority to remove all of Solid State's products from the QPL.
 
 2. Debarment
 
 5
 The agency's action does not constitute debarment because it merely removed Solid State's products from the QPL. Debarment involves precluding manufacturers from participation in federal procurement programs. 48 C.F.R. § 9.405. Here, Solid State is free to submit a new product or line of products for qualification.
 
 3. Relevant Factors
 
 6
 The agency's decision to take Solid State's products off the QPL was based on "relevant factors." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). Failure to notify is relevant because, as a result, Solid State manufactured and passed on to the government semiconductors that included "die" that had never been subjected to the agency's stringent qualification process. False certification is relevant because a manufacturer's integrity and trustworthiness are essential to the QPL process. The semiconductors in question are used in space level applications; the need for strict compliance with qualification procedures and truthfulness regarding that compliance is reasonably related to the qualification process.
 
 4. Factual Support
 
 7
 The agency presented evidence in the record that, at the time of initial qualification, Solid State was manufacturing its own "die," and that any change from this certified process required notification. It further provided evidence that Solid State certified that there had been no change in the "design or construction" of its product. These facts are sufficient to support the agency's determination.
 
 
 8
 AFFIRMED.