Filed 7/3/14  P. v. Esparza CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058199 |
| v. | (Super.Ct.No. FCH1200181) |
| FIDEL ESPARZA, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  Affirmed.

Lewis & Llewellyn and Marc Robert Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, A. Natasha Cortina, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Fidel Esparza sped out of a gas station and was pursued by a Chino Police officer. Defendant did not immediately yield to the officer's lights and sirens. Defendant eventually pulled over but remained seated in the driver's seat ignoring the commands of the officer to exit his truck. Eventually, several officers arrived to help and had to break the driver's side window with a sledge hammer in order to extract him from his truck.

Defendant was convicted of two misdemeanors of evading a police officer and resisting a peace officer. Defendant now contends on appeal as follows:

1. The trial court erred by failing to instruct the jury with a critical element of the resisting arrest instruction (CALCRIM No. 2670).

2. The trial court erred and violated his due process rights by excluding evidence of injuries he sustained during his arrest.

3. Insufficient evidence was presented to support his conviction of violating Penal Code section 148.

4. Cumulative errors warrant reversal of his conviction.

We affirm the judgment in its entirety.

I

PROCEDURAL BACKGROUND

Defendant was charged by the San Bernardino County District Attorney's Office with misdemeanor evading a police officer (Veh. Code, § 2800.1, subd. (a)) and felony resisting an executive officer with force or violence (Pen. Code, § 69). The jury found

defendant guilty of evading a police officer as charged but found him guilty of the lesser included offense of misdemeanor resisting a peace officer in the performance of that officer's duty (Pen. Code, § 148, subd. (a)).[1] Defendant was ordered to spend 280 days in a San Bernardino County Jail facility and was granted conditional and revocable release for a period of 36 months.

II

FACTUAL BACKGROUND

On April 29, 2012, Chino Police Officer Alex Blanco observed defendant leaving a gas station in a white truck at a high rate of speed.[2] Officer Blanco followed defendant and intended to execute a traffic stop. Defendant swerved between lanes and straddled the center line. He made a right turn from a left hand turn lane. Officer Blanco turned on his lights and followed defendant. Defendant did not stop so Officer Blanco turned on his siren and called dispatch for back up.

Defendant continued to speed and ran a stop sign. Officer Joshua Townsend joined in the chase. Defendant eventually parked in front of a driveway.

Officer Blanco exited his car and observed the window on the truck was partially open. He yelled that he was from the Chino Police Department and ordered defendant to exit the truck. Defendant threw his hands back over his shoulder in an aggressive manner and yelled something that Officer Blanco could not understand.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Defendant was initially driving over 60 miles per hour in a 35 miles per hour zone.

3

At that point, approximately seven other officers arrived at the scene. After the officers arrived, for the next nine minutes, Officer Blanco told defendant over a loud speaker in both English and Spanish that he needed to exit his truck. He was advised that if he did not exit the truck, force would be used to extract him. Officer Blanco threatened to send a police dog after him. Defendant did not move.

Six officers approached the truck with guns drawn. They hid behind a ballistic shield that was being held by Officer Satjit Singh. Officer Blanco gave defendant one last command to exit the car. He refused and appeared to be texting on his phone.

One of the supervising officers decided to use a sledge hammer to break the driver's side window once it was discovered that the truck's doors were locked. The decision to break the window was made because the officers were unsure if defendant was armed, why he failed to yield, they did not know who he was texting, and whether he was contacting persons inside the house to come out and assist him while he was parked outside. Further, it was an unusual occurrence that defendant would not exit his car.

Once the window was broken, Officers Townsend, Singh and Kevin Kline reached in and grabbed defendant's arms. Defendant stiffened his arms to his side to make it difficult for officers to remove him from the truck. The officers were able to get defendant out of the car and put him on the ground, which was standard procedure for an arrest. Officer Townsend put weight on defendant to try to handcuff him. Defendant put his arms under his body and resisted the efforts to handcuff him. It took approximately 15 seconds to get defendant handcuffed.

Defendant did not have any weapons.  Defendant did not try to kick or hit the officers when he was in the truck or on the ground.

## III

## INSTRUCTIONAL ERROR

Defendant contends that the trial court erred by failing to give a critical element of CALCRIM No. 2670 that would have instructed the jury that they could not find defendant guilty of resisting arrest if the arrest was unlawful, even if he knew or reasonably should have known that the officer was arresting him.

A.      *Additional Factual Background*

Paragraph C of CALCRIM No. 2670 provides in pertinent parts as follows:  "A peace officer may use reasonable force to arrest or detain someone, to prevent escape, to overcome resistance, or in self-defense.  [¶]  [If a person knows, or reasonably should know, that a peace officer is arresting or detaining him or her, the person must not use force or any weapon to resist an officer's use of reasonable force.  [However, you may not find the defendant guilty of resisting arrest if the arrest was unlawful, even if the defendant knew or reasonably should have known that the officer was arresting him.]]."  (CALCRIM No. 2670, revised January 2006.)

During discussion of the instructions, the trial court noted that it was going to instruct the jury with the lesser included offense of resisting arrest under section 148 to the charge of resisting an executive officer with the use of force or violence in section 69.  The trial court then discussed CALCRIM No. 2670.  The parties agreed to not give two portions (paragraphs A and B) of the instruction.  They then discussed paragraph C of the

5

instruction regarding use of force. The trial court stated, "'C,' the first paragraph I will give and including the subparagraph, 'If a person knows or reasonably should know a peace officer is arresting or detaining him or her - - then delete the next paragraph." Defense counsel asked which paragraph. The trial court then responded, "Not paragraph. Next bracketed sentence. Second bracketed sentence. There's no claim that the defendant used force. So it doesn't seem that next - - well, there is. There's a claim. So the next paragraph I would leave as is. All right. So I would leave those last two in."

At the next conference, the trial court presented to the parties a modified version of CALCRIM 2670 based on the discussions by the parties. The trial court stated, "[a]nd then I printed out this morning a modified 2670, modified in the way that we had discussed it last week, deleting all of the references other than the unlawful use of force." There was no comment by defense counsel.

CALCRIM No. 2670 was given, in its entirety, as follows: "The People have the burden of proving beyond a reasonable doubt that Joshua Townsend was lawfully performing his duties as a peace officer. If the People have not met this burden, you must find the defendant not guilty of Count 2 or the lesser included offense to Count 2, resisting, obstructing or delaying an officer. [¶] A peace officer is not lawfully performing his or her duties if he or she is using unreasonable or excessive force in his or her duties. A peace officer may use reasonable force to arrest or detain someone to prevent escape, to overcome resistance or in self-defense. [¶] If a person knows or reasonably should know that a peace officer is arresting or detaining him or her, the person must not use force or any weapon to resist an officer's use of reasonable force. [¶]

6

If a peace officer uses unreasonable or excessive force while detaining or attempting to detain a person, that person may lawfully use reasonable force to defend himself or herself. [¶] A person being arrested uses reasonable force when he or she uses that degree of force that he or she actually believes is reasonably necessary to protect himself or herself from the officer's use of unreasonable or excessive force, and two, uses no more force than a reasonable person in the same situation would believe is necessary for his or her protection."

B.     *Forfeiture*

The People contend that defendant has forfeited his claim that the trial court committed instructional error by failing to object to the instruction in the trial court. Initially, it appeared that the trial court intended to give the missing portion of the instruction. However, when the trial court gave the written instruction to both counsels, the complained-of bracketed portion of the instruction was missing. At that time, defendant's counsel did not object. The People argue that because the bracketed portion was redundant to other properly given instructions, defendant was required to request the additional instruction, and his failure to do so did not impact his substantial rights so as to overcome the forfeiture.

Defendant - - anticipating that respondent would argue that he forfeited the claim - - insists he received ineffective assistance of counsel if he is found to have forfeited his claim. In order to avoid a lengthy discussion of forfeiture and ineffective assistance of counsel, we will review the claim on its merits.

7

C.    *Analysis*

"'"It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence."'  [Citations.]"  (*People v. Breverman* (1998) 19 Cal.4th 142, 154.)  We review defendant's claims of instructional error de novo.  (*People v. Cole* (2004) 33 Cal.4th 1158, 1210.)  "'In conducting this review, we first ascertain the relevant law and then "determine the meaning of the instructions in this regard."  [Citation.] [¶]  The proper test for judging the adequacy of instructions is to decide whether the trial court "fully and fairly instructed on the applicable law . . . ."  [Citation.]  "'In determining whether error has been committed in giving or not giving jury instructions, we must consider the instructions as a whole . . . [and] assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given.  [Citation.]'"  [Citation.]  "Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation."  [Citation.]'"  (*People v. Johnson* (2009) 180 Cal.App.4th 702, 707.)

Defendant was charged with violating section 69.  A person is guilty of violating section 69 if he "[a]ttempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, . . ."  Defendant was also charged with the lesser offense of violating section 148.  "The legal elements of a violation of section 148, subdivision (a) are as follows:  (1) "the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer

8

was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties.  [Citation.]"  (*People v. Simons* (1996) 42 Cal.App.4th 1100, 1108-1109.)

In proving a violation of section 148, the prosecution must prove beyond a reasonable doubt that the officer was acting lawfully at the time the offense against him was committed.  (*In re Joseph F.* (2000) 85 Cal.App.4th 975, 982; *People v. Simons, supra,* 42 Cal.App.4th at p. 1109.)  An officer using excessive force cannot be acting in lawful performance of his duties and a defendant cannot be found guilty of resisting arrest.  (*People v. Olguin* (1981) 119 Cal.App.3d 39, 44.)  "'The rule flows from the premise that because an officer has no duty to take illegal action, he or she is not engaged in "duties," for purposes of an offense defined in such terms, if the officer's conduct is unlawful.  [Citations]'  [Citation]."  (*Simons, supra,* at p. 1109.)

The jury in this case was instructed that to find defendant guilty of the lesser offense, it must find that Officer Townsend [who was the named officer in the information] was "a peace officer lawfully performing or attempting to perform his duties as a peace officer;" that "defendant willfully arrested or obstructed or delayed Joshua Townsend in the performance or attempted performance of those duties" and finally that when defendant acted, "he knew or reasonably should have known that Joshua Townsend was a peace officer performing or attempting to perform his duties."  The jury was informed that an officer was not lawfully performing his duty if he used excessive force as defined in CALCRIM No. 2670, which is set forth in detail, *ante*.

9

In the Bench Notes to CALCRIM NO. 2670, it is stated that, "If the case involves an alleged violation of Penal Code section 148 as well as other offenses in which lawful performance is an element, the court may give the bracketed sentence [If a person knows, or reasonably should know, . . . ] but must also give the sentence that begins with "However, you may not find the defendant guilty of resisting arrest."  There is no citation to authority.

Despite the statement in the Bench Notes, the jury was properly instructed in this case based on the entirety of the instructions in this case.  It was clear from the instructions that the jury had to conclude that Officer Townsend was lawfully performing his duties in order to find defendant guilty of section 148.  Further, Officer Townsend could not be lawfully performing his duties if he was using excessive force.  The jury was given the pertinent portion of CALCRIM No. 2670 as to excessive force.  We see no reason for the trial court to give yet another instruction to the jury that if the arrest was unlawful, he could not be found guilty of resisting arrest.  There was no instructional error based on the totality of the instructions.

Defendant relies extensively on *People v. White* (1980) 101 Cal.App.3d 161.  In *White,* the defendant assaulted multiple arresting officers, struggled during her arrest, and bit an officer who had placed her in a hold to subdue her.  (*Id.* at p. 165.)  The defendant was convicted of, among other charges, resisting arrest.  (*Id.* at p. 164.)  She contended on appeal that, although the court properly instructed the jury concerning the definition of a lawful arrest and concerning the right of a peace officer to use reasonable force to effect an arrest, its instructions were incomplete because they did not address the issue of

10

excessive force used by the officers. (*Id.* at p. 166.) The jury was instructed that "it is the duty of such person to refrain from using force to resist such arrest whether the arrest is either lawful or unlawful unless unreasonable or excessive force is being used to make the arrest." (*Id.* at p. 166, fn. 2.) The appellate court concluded that because there was an issue of excessive force presented, which, if found to have occurred, would have made the arrest unlawful, "it became essential for the jury to be told that if they found the arrest was made with excessive force, the arrest was unlawful and they should find the defendant not guilty" of the offenses of which she was ultimately convicted. (*Id.* at p. 167.)

*White* is distinguishable from this case. Here, the instructions for section 69 and 148 both advised the jurors that "a peace officer is not lawfully performing his or her duties if he or she is using unreasonable or excessive force in his or her duties." It also advised the jurors that reasonable force used by officers could be used to prevent escape, overcome resistance or in self-defense. The connection between resisting arrest and the use of excessive force was clear from the instructions given in this case.

Even if the trial court erred by excluding the bracketed portion of CALCRIM No 2670, it was not prejudicial. The parties disagree over whether the error should be evaluated under *People v. Watson* (1956) 46 Cal.2d 818, 836 or *Chapman v. California* (1967) 386 U.S. 18. We conclude that whichever standard is applied, the error does not warrant reversal.

11

Initially, defendant's counsel never argued to the jury that there was excessive force used by Officer Townsend. Defendant's counsel argued it was not necessary for the police to break the window and take defendant from the car over a speeding ticket. Defendant's counsel argued that the officers should have tried to talk to him and just give him a ticket. Defendant's counsel argued the police overreacted but never said anything about excessive force.

Further, there was substantial evidence presented that the officers did not use excessive force. Defendant fled from Officer Blanco, driving at excessive speeds and endangering other drivers. Defendant refused to come out of his truck even though he was surrounded by police cars and Officer Blanco tried to get him to exit the truck for over nine minutes. Since the officers did not know if defendant had a weapon or why he refused to comply with their commands, they were forced to break into the truck. Defendant stiffened up and would not comply even after the window was broken. Based on his actions, it took three officers to extract him from the truck. They used standard procedure to get him handcuffed. At no time did any of the officers strike defendant or use their batons to subdue him. Based on this evidence, there was nothing to support that the officers used excessive force and ample evidence supported his conviction of violating section 148 based on his failure to follow the officers' commands and resisting the efforts to take him from the truck.

Based on the foregoing, the totality of the instructions informed the jury as to the requirement that Officer Townsend had to be lawfully performing his duty, e.g. not using excessive force, in order for them to find defendant guilty of violating section 148. Ample evidence supported defendant's conviction.

IV

EXCLUSION OF EVIDENCE OF DEFENDANT'S INJURIES

Defendant contends that the trial court erred and thereby violated his right to present a defense by excluding evidence of injuries he sustained as a result of being pulled from his truck. This argument is bordering on frivolous.

During the People's case-in-chief, Officer Singh testified that he received minor cuts on his arm and finger during the altercation. During cross-examination of Officer Singh, defense counsel inquired "Do you know if [defendant] received any injuries?" Officer Singh responded, "I believe he might have had cuts as well." Defendant's counsel then asked Officer Singh if he observed any of the injuries. Officer Singh responded, "I didn't deal with him. Once he was cuffed, he was taken away." Defendant's counsel also asked, "Okay. When you are talking about some cuts, were they cuts similar to the ones you had?" Officer Singh responded, "I am sure. I didn't see them, but obviously with the glass." The trial court interrupted and stated, "All right. Then you are speculating. I will ask you not answer."

Officer Kline testified that he had four abrasions on his arm from defendant grabbing his arm during the struggle to extricate him from the truck.

13

During cross examination of Officer Kline, defendant's counsel asked, "Okay. Now, were you aware of whether or not [defendant] received any injuries as well?" The prosecutor objected on the grounds of relevance. The objection was sustained. The People then rested and defendant presented no evidence.

"No evidence is admissible except relevant evidence." (Evid. Code, § 350.) "'"Relevant evidence is defined in Evidence Code section 210 as evidence 'having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action.' The test of relevance is whether the evidence tends '"logically, naturally, and by reasonable inference" to establish material facts such as identity, intent, or motive. [Citations.]' [Citation.] The trial court has broad discretion in determining the relevance of evidence [citations] but lacks discretion to admit irrelevant evidence. [Citations.]" [Citation.]' [Citation.]" (*People v. Carter* (2005) 36 Cal.4th 1114, 1166-1167.)

Here, defendant made no offer of proof that he was injured by the officers during the incident. Officer Singh speculated that defendant had cuts from the glass, and the trial court did not strike the testimony despite Officer Singh not actually seeing any injury. There was nothing from which the trial court could make a determination when the question was posed to Office Kline that defendant had any more than cuts from the glass while being extracted, that Officer Kline had knowledge of the injuries, or that defendant was injured at all. Cuts from glass had no relevance to the use of excessive force as they would not have been caused by the officers. The trial court properly determined, without more, that a question to Officer Kline about some unknown injuries

14

was irrelevant to the issue of whether excessive force was used. It was incumbent upon defendant's counsel to provide more information to the trial court.

Moreover, even if the trial court erred, defendant cannot possibly show he was prejudiced. "[T]he admission [or exclusion] of evidence, even if erroneous under state law, results in a due process violation only if it makes the trial fundamentally unfair. [Citations.]" (*People v. Partida* (2005) 37 Cal.4th 428, 439, italics omitted.) Thus, absent federal constitutional error, the standard of prejudice for the erroneous exclusion of evidence is the harmless error test in *People v. Watson, supra,* 46 Cal.2d at page 836.

While "[t]he complete exclusion of defense evidence . . . '"theoretically could rise to [the] level"' [citation] of a due process violation[,] . . . short of a total preclusion of defendant's ability to present a mitigating case to the trier of fact, no due process violation occurs; even '"[i]f the trial court misstepped, '[and its] ruling was an error of law . . . [and] there was no refusal to allow [defendant] to present a defense, but only a rejection of some evidence concerning the defense.'"' [Citation.]" (*People v. Thornton* (2007) 41 Cal.4th 391, 452-453.)

Here, as set forth *ante*, defendant was able to introduce some evidence of a *possible* injury to defendant. However, it is not entirely clear from the record that the trial court excluded any evidence of an injury caused by the officers as there is absolutely nothing in the record to support that defendant was in fact injured by the officers. We cannot find prejudice based on a bald assertion by appellate counsel that defendant may

have been injured.[3]  Finally, as set forth *ante*, the evidence established that Officer

Townsend was lawfully performing his duty and if defendant was injured while Officer

Townsend was acting in accordance with that duty it would not have changed the

determination by the jury even had the evidence been admitted.

V

INSUFFICIENT EVIDENCE

Defendant contends that insufficient evidence was presented to support his

conviction of violating section 148.

"Our task is clear. 'On appeal we review the whole record in the light most

favorable to the judgment to determine whether it discloses substantial evidence—that is,

evidence that is reasonable, credible, and of solid value—from which a reasonable trier of

fact could find the defendant guilty beyond a reasonable doubt.  [Citations.]  The standard

of review is the same in cases in which the People rely mainly on circumstantial

evidence.  [Citation.]  "Although it is the duty of the jury to acquit a defendant if it finds

that circumstantial evidence is susceptible of two interpretations, one of which suggests

guilt and the other innocence [citations], it is the jury, not the appellate court which must

be convinced of the defendant's guilt beyond a reasonable doubt.  '"If the circumstances

reasonably justify the trier of fact's findings, the opinion of the reviewing court that the

circumstances might also reasonably be reconciled with a contrary finding does not

warrant a reversal of the judgment."'  [Citations.]"  [Citation.]'  [Citations.]  The

---

**3**  Obviously if defendant was *not* injured, the response by Officer Kline would be completely irrelevant.

conviction shall stand 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]."' [Citation.]" (*People v. Cravens* (2012) 53 Cal.4th 500, 507-508.)

We set forth the elements of section 148, *ante*. "In most cases, section 148 has been applied to physical acts, such as fleeing from a proper investigatory detention by a police officer [citations], brandishing a gun at an officer [citations], passively resisting an arrest by going limp [citation], or struggling physically with an officer making an arrest [citations] or attempting to break up a fight." (*People v. Quiroga* (1993) 16 Cal.App.4th 961, 967.) Section 148 has also been applied to "a combination of verbal and physical interference with an officer's performance of his duties." (*Ibid.*)

As we have outlined, *ante*, there was no evidence of excessive force. Further, the evidence established that defendant refused to exit his truck despite being ordered to do so by Officer Blanco. The officers were forced to break the window on the truck and defendant continued to refuse to exit the truck. He stiffened his arms to his side making it difficult for the officers to extract him from the truck and resisted being handcuffed. The evidence clearly established that defendant was resisting arrest and he was properly found to have violated section 148.

# VI

# CUMULATIVE ERROR

Defendant finally claims that if the errors raised standing alone do not constitute reversible error, we must evaluate the errors cumulatively. He contends the cumulative errors warrant reversal. We have rejected each claimed error and found them harmless when considered separately. We similarly conclude that their cumulative effect does not warrant reversal of the judgment. (*People v. Bolden* (2002) 29 Cal.4th 515, 567-568.)

# VII

# DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RICHLI _____
                     J.

We concur:


RAMIREZ _____
         P. J.


CODRINGTON _____
         J.