[Crim. No. 752. Fifth Dist. July 27, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
LENIS EVERETT PERKINS, Defendant and Appellant.

## COUNSEL

Gilbert E. Moody and Vernon Johnson, under appointments by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Nelson P. Kempsky and Joel S. Primes, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GARGANO, J.**—Defendant was convicted of two counts, I and III, of battery on a police officer in violation of section 242 and 243 of the Penal Code. He was also convicted of a battery committed on his wife, count IV. Counts I and III were merged pursuant to section 654 of the Penal Code, and with regard to these counts defendant was sentenced to state prison for the term prescribed by law. As to count IV, defendant was sentenced to the county jail for a period of six months, the term to run concurrently with the sentence imposed on counts I and III. Defendant has appealed.

On September 1, 1968, appellant and his wife, Teresa, while attending a drive-in movie with another couple, became involved in a family argument. After they returned to their apartment, the argument resumed and defendant struck his wife several times. Teresa went into the kitchen, pulled a butcher knife from a drawer and threw it at appellant. Appellant called the police.

About five minutes later, Deputies Benson, Crawshaw and Paugh of the Stanislaus County sheriff's office arrived at the apartment and found appellant outside. Benson asked appellant not to leave and proceeded to talk with appellant's wife, who was also outside. The officer noticed that Mrs. Perkins' eye was black and blue and cut and puffed out; he asked her to sign a citizen's arrest document, which she did. Then, appellant's wife and the three deputies followed appellant, who had gone into the house, and informed him that he was under arrest and asked him to come peaceably.

At this point the respondent's and appellant's versions as to what occurred differ sharply. According to respondent, after appellant was informed of the citizen's arrest, he told the officers that they could not arrest him without a warrant and that if they tried to take him there would be trouble; he said the town would burn down before morning "just like Watts." Then, he retreated into the bedroom and challenged the officers to "come and get me." Deputy Paugh got on top of the bed and tried to get in between the night stand and appellant. Appellant swung at Deputy Paugh but missed him. Deputy Benson took a step toward appellant but was struck on the chest by the side of defendant's hand and knocked against the wall. Benson then hit defendant on the head with a pocket sap. Appellant lunged at Deputy Crawshaw, and the two men rolled into the living room. After a brief struggle, appellant was subdued and placed under arrest.

On the other hand, appellant testified that he was surprised by the announcement that he was under arrest. He said he told the officers, "I'm not going to go no place unless I see a complaint or warrant," and retreated to the bedroom. In the bedroom one of the officers said, "To hell with it, I'm tired of talking . . . let's take him" and started across the bed. Deputy Benson hit appellant first, and as appellant tried to block another blow he fell on Deputy Crawshaw, and the two men plunged into the living room. They began to wrestle for Crawshaw's night stick; Crawshaw was trying to raise the night stick, and defendant was trying to hold it against the floor to keep the deputy from raising it so that he could hit defendant. Appellant was hit about five times across the head, and six or seven times on the back and was subdued.

 At the outset, we agree with appellant's contention that as to counts I and III the court erred in refusing to instruct the jury on the lesser offense of wilfully resisting, delaying or obstructing "any public officer, in the discharge or attempt to discharge any duty of his office. . . ." (Pen. Code, § 148.) Appellant could not have committed a battery on any of the officers if he had not been resisting their attempt to arrest him. In fact, appellant's own testimony proves that he refused to submit to the arrest and that the

fight started as the result of his resistance. Thus, while appellant's testimony that he did not strike the officers, if believed by the jury, would have exonerated him of the batteries, it would also have made it possible for the jury to convict him of the lesser offense. ■ It is settled that where there is evidence which would absolve the defendant of guilt of the greater offense of which he stands charged but would support a finding of guilt of the lesser offense, an instruction on the lesser offense is mandatory (*People* v. *Morrison,* 228 Cal.App.2d 707 [39 Cal.Rptr. 874]).

■ Respondent does not deny that the offense proscribed by Penal Code section 148, a misdemeanor, is a lesser and necessarily included offense of the batteries charged in counts I and III. Appellant was specifically charged with using wilful and unlawful force upon the person of a police officer at a time when he knew or reasonably should have known that the victim "was an officer of the Sheriff's Office engaged in the performance of his duties." It is difficult to visualize how appellant could have wilfully committed a battery on a police officer under these circumstances without also being guilty of resisting, delaying or obstructing a public officer in the discharge of his duties of office. (*People* v. *Marshall,* 48 Cal.2d 394 [309 P.2d 456]; *In re Bacon,* 240 Cal.App.2d 34 [49 Cal.Rptr. 322].) Respondent asserts that because appellant denied striking the officers, he denied "complicity altogether in the offenses charged" and left no foundation for an intermediate verdict between the offenses charged and any lesser included offense. Respondent, therefore, concludes that the instant case comes within the ambit of the group of cases discussed in *People* v. *Morrison, supra,* 228 Cal.App.2d 707, 712-713, holding that: "where defendant denies any complicity in the crime charged, and thus lays no foundation for any verdict intermediate between 'not guilty' and 'guilty as charged.' . . .

"Not only is it unnecessary to give an instruction on the lesser offense, but it is error to so instruct because to do so would violate the fundamental rule that instructions must be pertinent to the evidence in the case at bar."

We are not persuaded by respondent's argument. In the instant case appellant did not, as in the case of alibi defense, "deny any complicity altogether in the crime charged." He denied intentionally striking the officers, but his testimony, while absolving him of that crime, practically compels a guilty verdict on the lesser offense of resisting a public officer. Contrary to the respondent's contention, this is a classic example of a case in which appellant's own evidence laid the foundation for an intermediate verdict between the offense charged and the lesser included offense.

Having arrived at the decision that the court erred in failing to instruct the jury on the lesser included offense of resisting a public officer in the discharge of his duties, we also conclude that the error was prejudicial under section 13 of article VI of the California Constitution and requires reversal. Appellant's testimony that he was taken by surprise when the officers told him that he was under arrest is believable. Appellant and his wife were engaged in a family quarrel, and appellant, not Mrs. Perkins, called the police. Furthermore, he candidly admitted that he retreated to the bedroom and told the officers, "I'm not going to go no place . . . if I go, there's going to be a little bit of hell." Thus, the jury may have believed, as defendant plausibly explained, that he did not intentionally strike the officers and that they became impatient with his reluctance to go with them and attacked him with saps and night sticks. The jury obviously believed that defendant was resisting a lawful arrest, and it is conceivable that they might have found him guilty of the greater offense because they were given no alternative.

This case is further complicated by a patent inconsistency in the verdict forms. As to counts I and II, the jury found defendant guilty of "Assault on a Peace Officer, Violation of sections 242/243 of the California Penal Code"; these sections pertain to a battery, not an assault.[1] It is also apparent that initially the jury was confused by the verdict forms. During deliberations the foreman asked the court to explain "the difference between battery and assault" and the "rights of [the] individual when resisting a legal arrest." Although the trial judge attempted to clarify the confusion, we cannot say with reasonable certainty that he succeeded in doing so.[2] While we would hesitate to reverse on this ground alone, it is an additional factor to be considered in the interest of affording defendant a fair trial.

The judgment as to count IV is affirmed; the judgment as to counts

---

[1] A battery on a police officer is punishable by imprisonment in the state prison for a term not exceeding *ten* years (Pen. Code, § 243); the law pertaining to an assault on a police officer is set forth in section 241 of the Penal Code, and the maximum sentence for this offense is imprisonment in the state prison for *two* years.

[2] The court responded to the jury's inquiry as follows: "With regard to the first inquiry, the Court informs you that frequently the words battery and assault are used interchangeably, although there is a technical difference in the law. It was concluded that the definition of assault was not necessary to your deliberations in this case. And for that reason, it was not given as an instruction. But perhaps you can better evaluate what it is you're concerned with by a rereading of the battery definition which was given. That reads as follows: (Reading) 'A battery is any willful and unlawful use of force or violence upon the person of another.'

"I'll reread that: (Reading) 'A battery is any willful and unlawful use of force or violence upon the person or another.' "

I and III is reversed, and the cause remanded for a new trial on these counts.

Stone, P. J., concurred.