[Crim. No. 10811. Third Dist. May 29, 1981.]

**THE PEOPLE, Plaintiff and Respondent, v.
CURTIS JAMES JONES, Defendant and Appellant.**

COUNSEL

M. Armando Enriquez, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Karen Ziskind, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

REYNOSO, J.—Defendant Curtis James Jones appeals from a judgment (order of probation) of the Sacramento County Superior Court entered after a jury found him to be guilty of assault with a deadly weapon upon a police officer. (Pen. Code, § 245, subd. (b).) Defendant contends that the trial court erred in admitting into evidence a color photograph of the victim, and in failing to submit a verdict form to the jury which would have permitted it to find him guilty of simple battery upon a police officer. (Pen. Code, § 243.) We reject these contentions and affirm the judgment.

Although defendant and the alleged victim police officer involved agree that an altercation occurred between them on January 14, 1979, they differ as to the specific event. The victim police officer and his partner testified that they were on patrol near an Elks Club when they observed a man and a woman in the roadway, apparently having an ar-

gument. As they drove by the female called for assistance so they stopped their patrol vehicle and approached the subjects. The couple were identified as defendant and his wife Michelle, who was a codefendant at trial.

The officers approached the couple and asked Michelle if she needed assistance. Michelle turned to defendant and said something to the effect that he should not drink if he could not hold his liquor, and defendant replied, using an epithet. Michelle slapped defendant. The officers separated the couple and told them that if they wanted to fight they should go home, but that they should calm down in public. The officers advised the couple that they could be arrested for fighting in public.

The officers asked defendant for some identification. Defendant pulled his wallet from his pocket and threw it on the ground and assumed a challenging stance. The officers then advised defendant that he was under arrest based on his public intoxication and his failure to identify himself. As the officers attempted to take defendant to the squad car Michelle kept interfering. They finally got defendant near the car, but he refused to turn around for a weapons search. Defendant grabbed one officer and a scuffle ensued. The officers struck defendant in the knees with their batons.

An angry crowd was forming from the departing patrons of the Elks Club. One officer attempted to call for backup assistance. While he was doing so Michelle grabbed the other officer from behind, and defendant took away his baton. Defendant then struck the officer in the head two times with the baton. The officer pulled out his service revolver and defendant dropped the baton. The officer suffered severe lacerations, requiring extensive suturing, from the blows which left scarring and portions of the skin which were numb and others which were extra sensitive. The injury caused the officer to be off work for three weeks.

Defendant's version of the events differed. He and Michelle had gone to the Elks Club that night. As they left the club they were talking and laughing, but not fighting. Michelle wanted to walk home and headed for the street, but she turned around and came back. The officers approached and asked if she had called for help, and then asked for her husband's identification. Defendant reached for his wallet and as he pulled it out the officers grabbed him, threw him against the car, and started hitting him.

While defendant tried to ask why the officers were hitting him they kept striking. He put his hands down to block the blows and when one officer hit his palm with the baton he pulled it away from the officer. The other officer struck defendant in the side. Meanwhile, the officer who lost the baton tried to grab the baton away from him. Defendant started swinging the baton; he knew that he hit an officer at least once. The officer pulled out his revolver, and defendant laid it down. The other officer then struck him three times across the back.

Defendant was found guilty of assault with a deadly weapon upon a police officer. (Pen. Code, § 245, subd. (b).) However, the jury found that defendant did not inflict great bodily injury within the meaning of Penal Code section 12022.7. Defendant appeals from the subsequent order granting probation.

I

Defendant contends that the court erred in admitting into evidence a color photograph of the alleged victim. The photograph depicts the officer in uniform, with a rather extensive amount of blood running down his face.

The admission of photographic evidence lies solely within the sound discretion of the trial court, and its ruling will not be reversed on appeal unless the probative value of the evidence is clearly outweighed by its prejudicial effect. (*People* v. *Murphy* (1972) 8 Cal.3d 349, 363 [105 Cal.Rptr. 138, 503 P.2d 594]; *People* v. *Robles* (1970) 2 Cal.3d 205, 214 [85 Cal.Rptr. 166, 466 P.2d 710]. See also *People* v. *Steger* (1976) 16 Cal.3d 539, 552-553 [128 Cal.Rptr. 161, 546 P.2d 665, 83 A.L.R.3d 1206].) We find the admission of the photograph to have been within the trial court's discretion. Defendant was alleged to have intentionally inflicted great bodily injury upon the victim. (Pen. Code, § 12022.7.) It was thus incumbent upon the prosecution to establish not only that an injury was inflicted, but that the injury was significant or substantial. (Pen. Code, § 12022.7, par. 2.) The photograph depicting the injury as it appeared at the time of the offense was certainly probative on that issue.

Defendant contends, however, that the admission of another photograph in which the wounds were shown but the victim had been cleaned rendered the first photograph unnecessary. We disagree. The photograph of the victim after his wounds had been cleaned displays the

length of the wounds, but does not show the severity. The photograph simply reveals three wounds, one 3-inches long, one 1-inch long, and one ½-inch long. Wounds of nearly identical length were held, as a matter of law, insufficient to support a finding of great bodily injury in *People* v. *Caudillo* (1978) 21 Cal.3d 562, at page 588 [146 Cal.Rptr. 859, 580 P.2d 274]. While in the case at bench there was testimony from the victim and the treating physician to establish the severity of the wounds, the People were not required to rely solely upon verbal descriptions for proof. The extent of the bleeding from the wounds was probative as to severity. Accordingly, we find no abuse of discretion.

## II

Defendant contends that it was error for the trial court to fail to submit a verdict form which would have permitted the jury to find him guilty of the lesser offense of battery upon a police officer. (Pen. Code, § 243.) He further contends that it was error to "allow the district attorney an attempt to correct the error by dismissing count I of the information after the jury was instructed."

We reject the contention that the district attorney was permitted to strike count I of the information, which charged battery upon a police officer in violation of Penal Code section 243, after the jury was instructed. The record shows that the count was stricken before argument and before the jury was instructed.

We also reject the contention that the trial court was required to instruct, *sua sponte*, on battery on a police officer. (Pen. Code, §§ 242, 243.) Simple battery, whether on a police officer or not, is not a necessarily included offense within a charge of aggravated assault and thus is not a lesser included offense on which a trial court must instruct *sua sponte*. (*People* v. *Yeats* (1977) 66 Cal.App.3d 874, 878-879 [136 Cal.Rptr. 243]; *People* v. *Lathus* (1973) 35 Cal.App.3d 466, 471 [110 Cal.Rptr. 921]; *People* v. *Mueller* (1956) 147 Cal.App.2d 233, 238-239 [305 P.2d 178].) The trial court properly instructed on simple assault (Pen. Code, § 240), which is a necessarily included offense within a charge of aggravated assault. (*People* v. *Cooper* (1968) 268 Cal.App.2d 34, 36 [73 Cal.Rptr. 608]; *People* v. *Roth* (1964) 228 Cal.App.2d 522, 530-531 [39 Cal.Rptr. 582].) The court was not required, *sua sponte*, to instruct on simple battery as well.

Although not raised by defendant, it appears that the trial court instructed only on simple assault, and not on simple assault on a police officer. (Pen. Code, § 241.) We do not believe, however, that the trial court was required to instruct *sua sponte* on assault on a police officer. Penal Code section 241 does not change the definition of assault; it merely increases the punishment under certain circumstances. (See *People* v. *Martinez* (1970) 3 Cal.App.3d 886, 888 [83 Cal.Rptr. 914]; *People* v. *Williams* (1968) 264 Cal.App.2d 885, 888 [70 Cal.Rptr. 882].) By instructing the jury on simple assault the trial court fully instructed the jury on the lesser included offense. It was unnecessary for the court to further instruct on aggravating factors which could increase the punishment for that offense.

A more difficult question arises with respect to Penal Code section 148, resisting or obstructing a police officer. A violation of Penal Code section 148 has been held to be a lesser included offense within a charge of battery on a police officer. (*People* v. *Perkins* (1970) 9 Cal. App.3d 1048, 1051 [88 Cal.Rptr. 720].) Assault is an attempted battery, and if resisting or obstructing a police officer is a lesser included offense within battery upon a police officer, then it may be asserted that it is also a lesser included offense within assault on a police officer.

In *People* v. *Perkins, supra,* officers who attempted to break up a domestic dispute testified that they were battered by the husband. The defendant husband testified that he was surprised when the officers informed him that he was under arrest and so he retreated to the bedroom and verbally refused to go with the officers. The officers began to assault the defendant, and his only involvement was in attempting to ward off blows thrown by the officers. In a prosecution for battery on the officers, the Court of Appeal held that it was error for the trial court to refuse to instruct on resisting or obstructing an officer since if the defendant's testimony were believed that is the only offense of which he was guilty. (9 Cal.App.3d at pp. 1050-1051.)

The present case differs from the situation in *Perkins, supra,* in that defendant admitted that he struck the victim officer at least once with the police baton. ■ Defendant cannot contend that he was justified in using such force to resist an unlawful arrest, for in California the law is settled that no use of force is permissible whether an arrest is legal or illegal. (*People* v. *Curtis* (1969) 70 Cal.2d 347, 357 [74 Cal.Rptr. 713, 450 P.2d 33].) A person may only resort to force against arresting officers to resist excessive force used during the arrest; in other words, to

protect life or limb. (*Ibid.*) If the use of force is necessary to resist excessive force used by the officers then the application of force is justified and the defendant is guilty of no crime. However, if the use of force is not justified in self defense then the defendant is guilty of at least simple battery, or simple assault where the attempted application of force is unsuccessful. (*Ibid.*)

■ Where there is no evidence from which a jury could conclude that the defendant is guilty only of a lesser included offense it is not error for a trial court to fail to instruct on the lesser included offense. (*People v. Noah* (1971) 5 Cal.3d 469, 479 [96 Cal.Rptr. 441, 487 P.2d 1009].) Moreover, where the evidence would only support a finding of guilt of a greater offense or no guilt at all it is error for the trial court to instruct on a lesser included offense. (*People v. Morrison* (1964) 228 Cal.2d 707, 712-713 [39 Cal.Rptr. 874].) This is such a case. Defendant's admission that he used force against the officer precludes the application of the theory of *People v. Perkins, supra,* 9 Cal.App.3d 1048, in this case. The defendant in *Perkins* denied using force and thus could have been found guilty of resisting or obstructing an officer. Defendant, however, admitted the use of force and was thus either innocent due to justification of self defense, or guilty of at least a simple assault or battery. He could not be found to be guilty of resisting or obstructing an officer. The trial court thus did not err in failing to instruct, *sua sponte*, on the lesser offense of resisting or obstructing an officer.

The judgment (order of probation) is affirmed.

Regan, Acting P. J., and Blease, J., concurred.