**John Francis AMBROSE, M.D.,**
**Petitioner–Appellant,**

v.

**Dennis HANDIS, Respondent–Appellee.**

No. 00–16965.

D.C. No. CV–94–20692–JW.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 13, 2001.

Before HILL,** GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM ***

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable James C. Hill, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publi-

In this proceeding under 28 U.S.C. § 2254, Petitioner John Francis Ambrose makes three claims. None persuades us.

1. *Self–Defense Instruction*

■ Petitioner first claims that the California trial court's failure, sua sponte, to instruct the jury on his theory that he had resisted arrest in self-defense violated his due process rights. Under California law, self-defense is not a viable defense to a charge of willfully resisting arrest in violation of section 148(a)(1) of the California Penal Code unless the arresting officer used excessive force. *People v. Jones,* 119 Cal.App.3d 749, 174 Cal.Rptr. 218, 222 (Ct. App.1981).

The jury was instructed that Petitioner's arrest was not lawful if the officers used excessive force and that, to convict Petitioner, the jury had to find that the officers were engaged in their lawful duties. Therefore, in convicting Petitioner, the jury necessarily found, beyond a reasonable doubt, that the arrest was lawful and that no excessive force had been used. Under California law, those findings (which are not challenged in this collateral proceeding) foreclose any reliance on a theory of self-defense. The failure to instruct further on this point therefore did not violate Petitioner's due process rights.

2. *False Testimony*

■ Second, Petitioner argues that false testimony by police officers at his trial violated due process, citing *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). The Superior Court of Santa Clara County found, as a fact, that the transcript of the trial does not reflect that the officers testified in the manner alleged by Petitioner and, specifically, found that the record did not support

the claim that the officers lied or committed perjury. In this pre-AEDPA case, we accord such a state-court finding a presumption of correctness on collateral review. *Burks v. Borg,* 27 F.3d 1424, 1427 (9th Cir.1994). Nothing in the record suggests that this finding is incorrect, and we therefore defer to it.

3. *Sufficiency of Evidence*

■ Petitioner's final argument is that insufficient evidence supported his conviction for spousal battery. He claims, specifically, that the red mark on his wife's arm was not enough to allow the jury to find that he had inflicted a "corporal injury resulting in a traumatic condition," as required by California Penal Code § 273.5.

However, under California law, this element encompasses minor and serious physical injuries of all kinds. *People v. Wilkins,* 14 Cal.App.4th 761, 17 Cal. Rptr.2d 743, 748 (Ct.App.1993); *People v. Gutierrez,* 171 Cal.App.3d 944, 952, 217 Cal.Rptr. 616 (Ct.App.1985). The red mark was a sufficient injury, so the evidence supported Petitioner's conviction.

AFFIRMED.

cation and may not be cited to or by the courts of this circuit except as provided by   9th Cir. R. 36–3.