Filed 7/23/14  P. v. Belton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C073615 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F04897) |
| v. | |
| MICHAEL WAYNE BELTON, | |
| Defendant and Appellant. | |

A jury convicted defendant Michael Wayne Belton of misdemeanor resisting arrest (Pen. Code, § 148)[1] and battery (§ 243, subd. (c)(2)) against Officer Jason Welsh, and misdemeanor resisting arrest against Officer Justin Wanger (§ 148).  The trial court found that defendant had sustained a prior serious felony conviction and had served five prior prison terms.  The trial court sentenced defendant to an eleven-year prison term.

Defendant argues there were two instructional errors, and argues the two resisting offenses should be stricken as lesser included offenses to the battery conviction.  We

---

[1] Further references to a section are to the Penal Code unless otherwise indicated.

1

shall strike the conviction for resisting Officer Welsh as a lesser included offense to battery of Officer Welsh, but shall conclude that the conviction for resisting Officer Wanger was a separate offense from battery on Officer Welsh. We shall otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was placed under arrest for an offense not at issue here by Sacramento Police Officers Jason Welsh and Justin Wanger and transported to the mail jail. Defendant was cooperative when he was arrested. The jail intake nurses determined defendant was unfit for incarceration due to high blood pressure. Officers Welsh and Wanger took defendant to the hospital for treatment.

Defendant was treated in a curtained-off area of the emergency room. Officer Welsh handcuffed defendant's left arm to the gurney, and left his right arm free for medical personnel to treat him. When defendant was ready to leave, Officer Welsh reached across him and removed the portion of the handcuff that was attached to the gurney rail. Officer Welsh did not adjust the portion of the handcuff attached to defendant's left arm. Defendant's handcuff did not appear to be too tight. As Officer Welsh was doing this, defendant screamed and brought his left hand up towards his face, carrying Officer Welsh's hand toward defendant's face, and bit down on Officer Welsh's hand just below the thumb.

Officer Welsh lost control of the handcuff, which allowed defendant to move toward the exit. Officer Wanger, thinking defendant was attempting to flee, intercepted him, grabbing his upper torso while Officer Welsh tried to get control of the handcuff. The three of them ended up on the ground, with Officer Welsh on top of defendant still trying to take control of the handcuff. Defendant did not comply with the officers' directions to put his hands behind his back, and instead tried to place them under his body. The officers did not strike defendant, nor use a baton, Taser, or firearm.

2

After the struggle, Officer Wanger examined defendant, who did not appear injured and did not complain of any injuries.

Alfie Amor, a nurse, heard a commotion and saw the officers on top of defendant, telling him to put his arms behind his back. She did not see the officers hit or kick defendant, or use any instrument on him.

Jigger Sarmiento, another nurse, heard the commotion, but did not see the struggle. He looked at defendant after the struggle, and defendant did not complain of any injuries.

The bite to Officer Welsh's hand broke the skin and caused a minimal amount of bleeding. Officer Welsh was treated by a doctor in the emergency room, and received a tetanus shot and some antibiotics. Officer Welsh later learned defendant had tested positive for Hepatitis C. As of trial, Officer Welsh had not tested positive for the virus.

When defendant was finally booked into jail, the intake nurse noted that he had a small "goose egg" on the right side of his head.

Defendant called one of the nurses to testify on his behalf, who stated she saw the bite wound on Officer Welsh's hand, which she described as moist and red, but not bleeding.

Defendant testified. He stated that Officer Welsh tightened the cuff on his left arm before taking the cuff off the gurney. Defendant told Officer Welsh it was too tight, and when he moved his hand, Officer Welsh grabbed the handcuff and yanked him and threw him to the floor. Defendant stated Officer Welsh grabbed one of his hands, slammed him on the floor, and struck him four or five times. Defendant stated he bit Officer Welsh during the struggle in self-defense.

3

## I
## CALCRIM No. 2670

Defendant was charged in count one with resisting a police officer (Welsh) in the performance of his duty and in count two with battery of a police officer in the performance of his duties. (§§ 69, 243.) He was also charged in count three with misdemeanor resisting a peace officer (Wanger) in discharge of his duty, which the trial court instructed was also a lesser included offense to count one. Defendant argues the jury instruction defining a peace officer's lawful performance of duty (CALCRIM No. 2670) improperly included a sentence that told the jury defendant could not use force to resist the officer if he knew or reasonably should have known the officer was arresting or detaining him. He argues the inclusion of the sentence implied he could be found guilty of resisting a police officer even if the officer was using excessive force in the arrest, making the arrest unlawful.

The charged offenses required the prosecution to prove that the police officers were lawfully performing their duties as peace officers. Accordingly, the trial court gave CALCRIM No. 2670. Defendant objects to the inclusion of the italicized portion below:

> "The People have the burden of proving beyond a reasonable doubt that officers Justin Wanger and Jason Welsh were lawfully performing their duties as peace officers. If the People have not met this burden, you must find the defendant not guilty of preventing an officer from performing his duties as charged in Count 1, felony battery against an officer [as] charged in Count 2, resisting an officer as charged in Count 3, and misdemeanor battery against an officer, a lesser crime to battery charged in Count 2.
>
> "A peace officer is not lawfully performing his duties if he is using unreasonable or excessive force in his duties.
>
> "Special rules control the use of force.
>
> "A peace officer may use reasonable force to arrest or detain someone, to prevent escape, or overcome resistance, or in self-defense.

"*If a person knows or reasonably should have known that a peace officer is arresting or detaining him, the person must not use force or any weapon to resist an officer's use of reasonable force.*

"If a peace officer uses unreasonable or excessive force while arresting or attempting to arrest a person, that person may lawfully use reasonable force to defend himself.

"An arrested person uses reasonable force when he uses that degree of force that he actually believes is reasonable to protect himself from the officer's use of unreasonable or excessive force, and he uses no more force than a reasonable person in the same situation would believe is necessary for his protection." (Italics added.)

Defendant argues the italicized sentence should not have been included because the use note to CALCRIM No. 2670 makes clear that the language does not apply to a charge under section 148. The use note states that if the instruction "is only relevant to a charge of violating Penal Code section 148" the court must not give the italicized sentence. (Use Note to CALCRIM No. 2670 (2013) p. 537.) However, if the case involves a charge under section 148 "as well as other offenses in which lawful performance is an element, the court may give the bracketed sentence but must also give the sentence that begins with 'However, you may not find the defendant guilty of resisting arrest.'" (*Id.* at pp. 537-538.) That sentence ends, "if the arrest was unlawful, even if the defendant knew or reasonably should have known that the officer was arresting him." (CALCRIM No. 2670.)

Because defendant was charged with battery against a peace officer engaged in the performance of his duties in addition to a violation of section 148, it was not improper to give the sentence defendant challenges, which is a statement of the law set forth in section 834a. The instruction also should have included the sentence: "However, you may not find the defendant guilty of resisting arrest if the arrest was unlawful, even if the defendant knew or reasonably should have known that the officer was arresting him." (CALCRIM No. 2670.) Thus, defendant's complaint is not that the jury was given the italicized sentence quoted above, but that it was not told that it could not find him guilty

5

of resisting arrest if the arrest was unlawful. He argues the omission was prejudicial because the jury could have assumed he had no right to resist detention, even if the officers were using excessive force against him.

The instructions taken as a whole do not support the assumption defendant claims. Instead, the instructions made clear that one of the elements the jury was required to find before convicting defendant of resisting was that the police officer was lawfully performing his duties. The jury was instructed that the prosecution was required to prove, "the defendant willfully and unlawfully used violence to try to prevent or deter an executive officer from performing the officer's lawful duty . . . ." The instructions also made clear to the jury that it could not find this element if the police officers were using unreasonable or excessive force. The instructions repeated this statement -- "[a] peace officer is not lawfully performing his duties if he is using unreasonable or excessive force in his duties" -- five times. It was given once in connection with the section 69 instruction, once in connection with the section 243, subdivision (c)(2) instruction, once in connection with the lesser included offense of misdemeanor battery of a police officer, once in connection with section 148, subdivision (a), and once as part of the CALCRIM No. 2670 instruction.

Additionally, the jury was instructed that self-defense was a defense to all three charged crimes.

*People v. White* (1980) 101 Cal.App.3d 161 (*White*), cited by defendant and the basis of the CALCRIM use note, is distinguishable. The instruction given in *White*, CALJIC No. 9.55, stated:

> " 'If a person has knowledge or by the exercise of reasonable care should have knowledge that that person is being arrested by a peace officer, it is the duty of such person to refrain from using force to resist such arrest whether the arrest is either lawful or unlawful unless unreasonable or excessive force is being used to make the arrest. [Citation.]

6

" 'A peace officer is not engaged in the performance of the officer's duties if the officer makes or attempts to make an unlawful arrest.' " (*White, supra*, 101 Cal.App.3d at p. 166, fn. 2.)

The instructions defining an unlawful arrest in *White* did not include arrests made with excessive force. (*White, supra*, 101 Cal.App.3d at pp. 166-167.) The court concluded the instructions were incomplete because they did not explain the relationship between excessive force in making the arrest and the defendant's rights, and did not include any instruction on defendant's theory of self-defense. (*Id.* at p. 166.)

Unlike *White*, the trial court in this case instructed the jury that if the officer used unreasonable or excessive force, he was not lawfully performing his duties. The trial court further instructed that in order to find defendant guilty of the charged offenses, the jury had to find that the officers were lawfully performing their duties when the defendant resisted arrest and committed a battery. Also in this case, self-defense instructions were given, and the jury was instructed that defendant was not guilty of any of the charges if it found defendant acted in self-defense.

*People v. Moreno* (1973) 32 Cal.App.3d Supp. 1, also cited by defendant is likewise distinguishable. In that case the jury was instructed that if the defendant knew or should have known he was being arrested, "*it is the duty of such person to refrain from using force to resist such arrest, whether the arrest is either lawful or unlawful* (unless unreasonable or excessive force is being used to make the arrest)." (*Id.* at p. 5.) There was no similar instruction in this case that defendant had a duty to refrain from using force whether or not the arrest was lawful.

The instructions taken as a whole were not likely to mislead the jury, thus there was no error.

## II
## Flight Instruction

The trial court gave the following flight instruction at the request of the prosecution:

7

"If the defendant fled or tried to flee immediately after he was lawfully arrested for a crime, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled or tried to flee, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled or tried to flee cannot prove guilt by itself."

Defendant argues the trial court erred because in this case there was no attempted flight immediately after his arrest. The only flight occurred later at the hospital. Defendant argues the instruction was irrelevant.

An irrelevant instruction is error, but is "generally '"only a technical error which does not constitute ground for reversal."'" (*People v. Cross* (2008) 45 Cal.4th 58, 67.) Such error is subject to the traditional *Watson*[2] test, and reversal is required only if it is reasonably probable the result would have been more favorable to the defendant had the error not occurred. (*People v. Guiton* (1993) 4 Cal.4th 1116, 1129-1130.)

The error in this case was instructing the jury that flight may indicate consciousness of guilt where it occurs immediately after lawful arrest, because defendant's attempt to flee did not occur immediately after arrest. However, because the error is not prejudicial, i.e., it is not reasonably probable the result would have been more favorable to defendant absent the error, we will not reverse.

The jury was instructed that some of the instructions might not apply, and that a particular instruction was not intended to suggest anything about the facts. Additionally, the complained-of instruction itself indicated to the jury that it had to decide whether defendant fled or tried to flee after arrest, and further instructed that such evidence could not itself prove guilt. If the jury did believe that defendant's attempt to flee after committing the crimes of battery and resisting indicated a consciousness of guilt, which was the prosecutor's argument to the jury, this instruction actually benefitted defendant by telling the jury that this was not of itself evidence of guilt. The error was harmless.

---

[2] *People v. Watson* (1956) 46 Cal.2d 818, 836.

8

Having found only one instructional error, which was harmless, we also reject defendant's claim of cumulative error.

## III
## Multiple Convictions

Defendant argues both counts one and three, the resisting counts, must be reversed because they are both lesser included offenses of count two, battery on a police officer.

Count one charged defendant with resisting Officer Welsh, and count two charged defendant with battery upon Officer Welsh. A defendant cannot be convicted of both an offense and a necessarily included offense based on the same act. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) Resisting a police officer is a lesser included offense within a charge of battery on a police officer. (*People v. Jones* (1981) 119 Cal.App.3d 749, 755.) The People agree that the conviction for count one, resisting Officer Welsh, must be stricken because defendant may not be convicted of both battery on a police officer and the lesser included offence of resisting a police officer. As the sentence for count one was concurrent, defendant's total prison time will not be reduced.

The People argue the conviction for count three, resisting Officer Wanger, was not a necessarily included offense of count two, battery upon Officer Welsh because those acts were directed at different victims.[3] We agree.

For purposes of section 654, which prohibits multiple punishments for the same act or omission, the crime of battery on one police officer is punished separately from the crime of resisting arrest on another police officer, even though the two crimes are part of

---

[3] The second amended information charged defendant in count three with resisting Officers Wanger and Welsh; however, the verdict for count three state that the jury found defendant guilty of "violation of Section 148(a) of the Penal code of the State of California, defendant resisted Sacramento Police Department Officer Wanger as charged Count Three." The prosecutor explained in closing argument that "[t]he lesser in Count One pertains to Officer Welsh, and the elements in Count three, resisting arrest, pertain to Officer Wanger."

the same indivisible course of conduct. (*People v. Martin* (2005) 133 Cal.App.4th 776.) The multiple victim exception applies because there are corresponding distinct offenses for each victim. (*People v. Brannon* (1924) 70 Cal.App. 225, 235.) Likewise here, the resisting offense directed toward Officer Wanger is not a lesser included offense of the battery of Officer Welsh, but a separate crime which may be separately punished. Also because of the multiple victim exception, we reject defendant's claim that the punishment for count three should have been stayed pursuant to section 654.

IV
*Pitchess* Motion

Defendant filed a *Pitchess* motion[4] below to review the personnel records of the two officers involved in his arrest. The trial court[5] reviewed the personnel records in camera. It reviewed Officer Walsh's records for the issues of excessive force and dishonesty, and Officer Wanger's records with regard to the issue of dishonesty only. The court found one incident alleging excessive force with regard to Officer Welsh, and ordered the witness and contact information disclosed under a protective order.

Defendant requests we independently review the transcript of the in camera review to determine whether the trial court complied with the proper procedures and whether it abused its discretion in determining what records should be disclosed. We have reviewed the transcript, and have determined the trial court followed proper procedures and did not abuse its discretion.

---

[4] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[5] Kenny, J.

10

DISPOSITION

Defendant's conviction on count one, resisting arrest, is stricken because it is a lesser included offense to count two.  In all other respects the judgment is affirmed.


    BLEASE    , Acting P. J.


We concur:


    NICHOLSON    , J.


    HOCH    , J.

11