Filed 1/18/22  P. v. Vasquez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B307458 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA144365) |
| v. | |
| DENIS VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed in part and affirmed in part.

Jason M. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy

Attorney General, and Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.

_____

Denis Vasquez was convicted following a jury trial of simple assault (Pen. Code, § 240)[1] as a lesser included offense of assault with a deadly weapon (§ 245, subd. (a)(1)), first degree burglary (§ 459) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), with a true finding that Vasquez had personally inflicted great bodily injury during the commission of the burglary and aggravated assault. On appeal Vasquez contends, and the Attorney General agrees, that the simple assault conviction should be reversed because that offense was necessarily included within the aggravated assault for which Vasquez was also convicted. We also agree with Vasquez and reverse the simple assault conviction.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The Information*

Vasquez was charged in an information filed July 5, 2017 with assaulting Ramiro Avila with a deadly weapon, a knife, on April 4, 2016 (count 1); first degree burglary on that date by entering a home occupied by Avila with the intent to commit a felony (count 2); and assaulting Avila by means of force likely to produce great bodily injury (count 3). The information specially alleged as to counts 2 and 3 that Vasquez had personally used a deadly or dangerous weapon in the commission of the offenses (§ 12022, subd. (b)(1)) and as to all three counts that Vasquez had personally inflicted great bodily injury upon Avila in the commission of the offenses (§ 12022.7, subd. (a)).

_____

[1] Statutory references are to this code.

## 2. *The Burglary and Assault*

The evidence at trial established that on the morning of April 4, 2016 Avila heard someone knock on his front door and repeatedly shout the name of Avila's son. After the front door opened, Avila heard the statement, "We're warning you." When Avila went to find out what was happening, he saw his son on his knees with blood on his face. Vasquez was in front of Avila's son; another man was behind him.

Frightened, Avila ran outside through the back door of his home. Vasquez chased Avila and confronted him in the backyard. Vasquez hit Avila in the face, causing him to fall. Vasquez then kicked Avila several times as he lay on the ground. In a recorded interview with the police following his arrest, Vasquez stated he had punched Avila four times with the blunt end of a pocket knife.

Avila was taken to the hospital after the attack, where he received stitches to his lip area and gums. Avila's left ring finger was also broken during the incident.[2]

## 3. *Verdict and Sentence*

The jury found Vasquez not guilty of assault with a deadly weapon, as alleged in count 1, but guilty of simple assault as a lesser included offense of that charge, and convicted him of first degree burglary and aggravated assault as charged in counts 2 and 3. The jury found Vasquez had inflicted great bodily injury during the burglary and aggravated assault and found not true

---

[2] Vasquez presented an alibi defense at trial. His former girlfriend testified Vasquez was at home with her on the day of the attack, helping care for her baby.

the allegation he had personally used a deadly or dangerous weapon.

The court sentenced Vasquez to seven years in state prison: the middle term of four years for first degree burglary plus three years for the great bodily injury enhancement. The court imposed a concurrent term of three years in state prison for the aggravated assault and six months in county jail (with credit for time served) for simple assault.

## DISCUSSION

Section 954 allows the People to charge a defendant in an accusatory pleading with "different statements of the same offense." Although section 654, subdivision (a), prohibits punishment for more than one offense arising from the same act or from a series of acts constituting an indivisible course of conduct, it is generally permissible pursuant to section 954 to convict a defendant of multiple charges arising from a single act or course of conduct. (*People v. Sanders* (2012) 55 Cal.4th 731, 736.) "However, a 'judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses. [Citations.]' [Citation.] [¶] When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*Ibid.*)

"In deciding whether multiple conviction is proper, a court should consider only the statutory elements. Or, as formulated in [*People v.*] *Scheidt* [(1991) 231 Cal.App.3d 162, 165-166], 'only a statutorily lesser included offense is subject to the bar against multiple convictions in the same proceeding. An offense that may

be a lesser included offense because of the specific nature of the accusatory pleading is not subject to the same bar.'" (*People v. Reed* (2006) 38 Cal.4th 1224, 1229; accord, *People v. Cady* (2016) 7 Cal.App.5th 134, 140.) "'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former.' [Citation.] In other words, "'[i]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former."'" (*People v. Sanders, supra*, 55 Cal.4th at p. 737.)

Vasquez's convictions of simple assault and assault by means of force likely to produce great bodily injury were based on the same incident—the beating of Avila on April 4, 2016.[3] By its express terms, the aggravated assault defined by section 245, subdivision (a)(4), requires proof of a simple assault plus the element of force likely to produce great bodily injury, necessarily making simple assault a lesser included offense of the crime for which Vasquez was convicted in count 3. (See *People v. Carmen* (1951) 36 Cal.2d 768, 775; *People v. McDaniel* (2008) 159 Cal.App.4th 736, 747-748; *People v. Jones* (1981) 119 Cal.App.3d 749, 754.)[4] Accordingly, the simple assault conviction must be reversed.

_____

[3] Vasquez was not charged with having assaulted Avila's son.

[4] The questions whether assault by means of force likely to produce great bodily injury is a lesser included offense of assault with a deadly weapon, and whether section 245, subdivision (a)(1), and section 245, subdivision (a)(4), are merely different statements of the same offense for purposes of section 954, are currently pending in the Supreme Court in *People v. Aguayo*, review granted May 1, 2019, S254554.

5

## DISPOSITION

Vasquez's conviction for simple assault (count 1) is reversed, and the sentence on that count vacated.  The judgment is otherwise affirmed.  The trial court is to prepare a corrected abstract of judgment and forward it to the Department of Corrections and Rehabilitation.


                                        PERLUSS, P. J.

We concur:


        SEGAL, J.


        FEUER, J.

6